**Muhammad Hamui KHAN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE,
Alberto Gonzales, Attorney
General, Respondents.**

No. 06–3261–ag.

United States Court of Appeals,
Second Circuit.

Aug. 7, 2007.

Khagendra Gharti–Chhetry, New York, N.Y., for Petitioner.

Anthony J. Jenkins, United States Attorney for the District of the Virgin Islands; Kim L. Chisholm, Assistant United States Attorney, St. Thomas, V.I., for respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Muhammad Hamui Khan, a native and citizen of Pakistan, seeks review of a June 13, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") George T. Chew denying Khan's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muhammad Hamayan Khan,* No. A79 778 157 (B.I.A. June 13, 2006), *aff'g* No. A79 778 157 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ The record does not support the agency's adverse credibility finding. The only factor in the IJ's adverse credibility finding with which the BIA agreed was that it was "inherently implausible" for Khan to have run a cable television station when he was illiterate in his native language. However, the IJ never set forth any basis for its finding. Khan testified that the cable system "is quite different" in Pakistan than in the United States, and that he provided approximately six hundred homes with cable and played video cassettes on his system, with the assistance of a secretary. Because there is no evidence in the record to support the finding that it was "inherently implausible" for a person illiterate in his native language to run a cable shop in Pakistan, this factor does not substantiate the IJ's adverse credibility finding. *See Dong Gao v. BIA,* 482 F.3d 122 (2d Cir.2007) (holding that an adverse credibility determination was not based on substantial evidence when the inferences that the IJ drew were not tethered to anything in the record).

■ On the other hand, substantial evidence supports the BIA's determination that Khan failed to meet his burden of proof for asylum for lack of nexus. Khan

testified that tribal people and Islamic fundamentalists in South Waziristan warned him to stop his business of renting and showing American, British, and Indian videos, and razed his store when he continued these activities. In addition, he testified that, after he moved to Karachi, a fundamentalist group known as Sabar Hessa Sahaba demolished the goods in his cable shop and fired gunshots either at him or into the air after he refused to broadcast their extremist video from his cable television station. On this record, it is conceivable that Khan could have proceeded, at the least, on theories of imputed religion or membership in a particular social group. However, Khan simply failed to articulate any such arguments. Therefore, the BIA appropriately found that he failed to establish past persecution with regard to the events in South Waziristan. 8 U.S.C. § 1101(a)(42).

Likewise, the BIA properly found that Khan's claim that he suffered past persecution in Karachi lacked a nexus. Khan's assertions did not establish that Sabar Hessa Sahaba caused any harm to him that was on account of his own religious views, political opinion, or membership in a particular social group. Rather, the BIA appropriately found that "[t]he group's only purported interest in him was to propagate their own views." Because Khan failed to establish a nexus between a statutorily protected ground and the alleged harm that he suffered in South Waziristan and Karachi, the BIA reasonably found that he failed to establish past persecution or a well-founded fear of persecution under the Immigration and Nationality Act. See 8 U.S.C. § 1101(a)(42). We therefore do not reach the BIA's findings that the alleged harm did not rise to the level of persecution, and that Khan failed to show that he was unable to relocate.

Given that Khan was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lastly, because Khan has failed to challenge in his brief to this Court the agency's denial of his request for CAT relief, as well as his claim that he would be persecuted for being perceived as an "American agent," and because addressing these arguments does not appear to be necessary to avoid manifest injustice, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).